(Hamilton County Common Pleas.)

ANDREW MURPHY v. THE CITY OF CINCINNATI.

---

It is good pleading to unite legal and equitable causes of action, or one sounding in tort and another in contract, if included in the same transaction, and connected with the same subject of action.

---

SPIEGEL, J.

Defendant, the city of Cincinnati, demurs to the petition in this cause filed because several causes of action stated therein are improperly joined.

Plaintiff in his first cause of action alleges that the city wrongfully, without notice to him, appropriated a certain part of his real estate for street purposes, for which he asks damages in the sum of $500. In his second cause of action plaintiff alleges that the city, after making said street, levied an assessment upon the abutting real property, wrongfully, as he claims, which he paid, in the sum of $34.09, and for which sum he asks judgment. In his third cause of action plaintiff alleges the same state of facts as to a second assessment for $71.83, for which he also asks judgment and a restraining order against all further assessments.

Old section 5019, now 5022, of the Revised Statutes, provides that the plaintiff may unite several causes of action in the same petition, whether they are legal or equitable, when they are included in the same transaction or transactions connected with the same subject of action. Judge Swan, in Sturges v. Burton (8 Ohio St., 218), lays down the following rule, which has been followed in all code states:

"By the provisions of the code the plaintiff may unite in one action all causes of action arising from the same transaction or tansactions connected with the same subject of action; and this includes causes of action legal and equitable, ex contractu and ex delicto. But if the causes of action do not arise from the same transaction or transactions connected with the same subject of action, the causes of action ex contractu can not, in general, be united with causes of action ex delicto."

The first question to be determined is, were these different causes of action included in the same transaction or transactions connected with the same subject of action?

Plaintiff claims that a part of his real property is illegally appropriated by the city for street purposes, and that thereafter the remainder of his real property is assessed for the making of this same street. There are clearly several causes of action included in transactions connected with the same subject of action. It is true that the first cause of action sounds in tort, but I doubt whether the assessments levied by the city upon plaintiff, which he complains are illegal, establish a contractual relation between him and the city. At the most plaintiff has united legal and equitable causes of action in his petition, which is clearly permissible under the statute, when they are included in the same transaction, connected with the same subject of action. But even were different causes of action, one sounding in tort and the other in contract, united, if included in the same transaction, as in this case, this would be proper pleading.

Upon either proposition the demurrer must be overruled, and leave is granted defendant to plead further.

Corporation Counsel, for the demurrer.
Ed. H. Williams, contra.